

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

March 20, 2024

Mr. Miguel Salinas
Staff Attorney
Brownsville Independent School District
1900 Price Road
Brownsville, Texas 78521-2417

OR2024-009993

Dear Mr. Salinas:

You ask whether certain information is subject to required public disclosure under the Public Information Act (the "Act"), chapter 552 of the Government Code. Your request was assigned ID# 24-001656 (ORR# 499).

The Brownsville Independent School District (the "district") received a request for information pertaining to a specified incident. The district claims the submitted information is excepted from disclosure under section 552.108 of the Government Code. We have considered the claimed exception and reviewed the submitted information.

Initially, the district informs us it will redact student-identifying information in the submitted information pursuant to the Family Educational Rights and Privacy Act ("FERPA"), section 1232g of title 20 of the United States Code.[1] However, FERPA is not applicable to law enforcement records maintained by the district's Police Department (the "department") that were created by the department for a law enforcement purpose. *See* 20 U.S.C. § 1232g(a)(4)(B)(ii); 34 C.F.R. §§ 99.3, 99.8. The submitted information consists of records that were created by the department for the purpose of law enforcement. Thus, these records are not subject to FERPA, and no portion of these records may be withheld on that basis. We caution the district that a failure to provide this office with requested information generally deprives us of the ability to determine whether information may be withheld and leaves this office with no alternative other than ordering the redacted information to be released. *See* Gov't Code § 552.301(e)(1)(D) (governmental body must

---

[1] The United States Department of Education Family Policy Compliance Office (the "DOE") has informed this office that FERPA does not permit state and local educational authorities to disclose to this office, without parental consent, personally identifiable information contained in education records for the purpose of our review in the open records ruling process under the Act. The DOE has determined that FERPA determinations must be made by the educational authority in possession of the education records. We have posted a copy of the letter from the DOE to this office on the Attorney General's https://www.texasattorneygeneral.gov/sites/default/files/files/divisions/open-government/20060725-USDOE-FERPA.pdf.

Post Office Box 12548, Austin, Texas 78711-2548 • (512) 463-2100 • www.texasattorneygeneral.gov

Mr. Miguel Salinas - Page 2

provide this office with copy of specific information requested or representative sample if information is voluminous).

Next, we must address the procedural obligations of the district under section 552.301 of the Government Code, which prescribes the procedures that a governmental body must follow in asking this office to decide whether requested information is excepted from public disclosure. Pursuant to section 552.301(b), a governmental body must ask for a decision from this office and state the exceptions that apply within ten business days of receiving the written request. Gov't Code § 552.301(b). Pursuant to section 552.301(e), a governmental body must submit to this office within fifteen business days of receiving a request for information (1) written comments stating the reasons why the stated exceptions apply that would allow the information to be withheld, (2) a copy of the written request for information, (3) a signed statement or sufficient evidence showing the date the governmental body received the written request, and (4) a copy of the specific information requested or representative samples, labeled to indicate which exceptions apply to which parts of the documents. *Id.* § 552.301(e). The district received the request for information on September 11, 2023. This office only counts business days as provided by section 552.0031 of the Government Code. *Id.* § 552.0031 (defining "business day" for purposes of the Act). Thus, the ten-business-day deadline of the district under section 552.301(b) was September 25, 2023, and its fifteen-business-day deadline under section 552.301(e) was October 2, 2023. However, the district provided the information at issue by electronic submission on January 12, 2024. *See id.* § 552.309(a) (requirement to submit information within specified time period under the Act is met in timely fashion if it is submitted through attorney general's designated electronic filing system within that period). Therefore, we conclude the district failed to comply with the procedural requirements mandated by section 552.301.

Pursuant to section 552.302 of the Government Code, a governmental body's failure to comply with the procedural requirements of section 552.301 results in the legal presumption that the requested information is public and must be released unless there is a compelling reason to withhold the information from disclosure. *See id.* § 552.302; *Simmons v. Kuzmich*, 166 S.W.3d 342 (Tex. App.—Fort Worth 2005, no pet.); *Hancock v. State Bd. of Ins.*, 797 S.W.2d 379, 381-82 (Tex. App.—Austin 1990, no writ). Because section 552.101 of the Government Code can provide a compelling reason to overcome the presumption of openness, we will address the applicability of this section to the information at issue.[2] However, we find the district has failed to establish a compelling reason to address its claimed exception.

Section 552.101 of the Government Code excepts from disclosure "information considered to be confidential by law, either constitutional, statutory, or by judicial decision." Gov't Code § 552.101. This section encompasses section 261.201(a) of the Family Code, which provides as follows:

> [T]he following information is confidential, is not subject to public release under [the Act], and may be disclosed only for purposes consistent with this

---

[2] The Office of the Attorney General will raise a mandatory exception on behalf of a governmental body. *See* Open Records Decision Nos. 481 at 2 (1987), 480 at 5 (1987).

> code and applicable federal or state law or under rules adopted by an investigating agency:
>
>> (1) a report of alleged or suspected abuse or neglect made under this chapter and the identity of the person making the report; and
>>
>> (2) except as otherwise provided in this section, the files, reports, records, communications, audiotapes, videotapes, and working papers used or developed in an investigation under this chapter or in providing services as a result of an investigation.

Fam. Code § 261.201(a). The district is not an agency authorized to conduct a chapter 261 investigation. *See id.* § 261.103 (listing agencies that may conduct child abuse investigations). However, we find the submitted information was used or developed by the district's police department (the "department") in an investigation under chapter 261. *See id.* §§ 101.003(a) (defining "child" for purposes of section 261.201), 261.001(1), (4) (defining "abuse" and "neglect" for purposes of section 261.201). Thus, the information is within the scope of section 261.201 of the Family Code. The district does not indicate the department has adopted a rule that governs the release of this type of information. Therefore, we assume no such rule exists. Accordingly, the district must withhold the submitted information under section 552.101 of the Government Code in conjunction with section 261.201(a) of the Family Code. *See* Open Records Decision No. 440 at 2 (1986) (predecessor statute).

This letter ruling is limited to the particular information at issue in this request and limited to the facts as presented to us; therefore, this ruling must not be relied upon as a previous determination regarding any other information or any other circumstances.

This ruling triggers important deadlines regarding the rights and responsibilities of the governmental body and of the requestor. For more information concerning those rights and responsibilities, please visit our website at https://www.texasattorneygeneral.gov/open-government/members-public/what-expect-after-ruling-issued or call the OAG's Open Government Hotline, toll free, at (877) 673-6839. Questions concerning the allowable charges for providing public information under the Public Information Act may be directed to the Cost Rules Administrator of the OAG, toll free, at (888) 672-6787.

Sincerely,

James L. Coggeshall
Assistant Attorney General
Open Records Division

JLC/tb

Ref:    ID# 24-001656

c:      Requestor